NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL F. SHELTON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2380

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-2754, Chief Judge Michael P. Allen.

---

Decided:  July 31, 2026

---

KAITLYN PEHRSON, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for claimant-appellant.  Also represented by DAVID MROZ, THOMAS ERIC SULLIVAN; JAMESON KYLE GARDNER, Reston, VA.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.

Also represented by PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI, YAAKOV ROTH; TYRONE COLLIER, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before MOORE, *Chief Judge*, CUNNINGHAM, *Circuit Judge,* and KOVNER, *District Judge.*[1]

MOORE, *Chief Judge*.

Michael F. Shelton appeals a decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming a Board of Veterans' Appeals (Board) denial of his application for total disability based on individual unemployability (TDIU). We *dismiss* for lack of jurisdiction.

Mr. Shelton served honorably in the U.S. Army from 1967 to 1969. J.A. 2040. In 2021, he applied for TDIU, reporting he was too disabled to work. J.A. 1325–40. Mr. Shelton indicated that he stopped working full-time in September 2018. J.A. 1325. He listed his highest annual earnings as $47,960 back in 2001. J.A. 1325–27. Under the highest gross earnings per month, he listed $167,500. J.A. 1326.

The Department of Veterans Affairs (VA) regional office (RO) denied Mr. Shelton's TDIU application. J.A. 44–48. Thereafter, the Board denied him entitlement to TDIU. J.A. 10–16. The Board determined Mr. Shelton had not shown unemployability because VA medical records showed he continued to work during the period of his appeal to the Board. J.A. 11–15. The Board found Mr. Shelton's assertions that he stopped working in 2018 "less than credible." J.A. 14. The Board cited numerous records

_____

[1]    Honorable Rachel P. Kovner, District Judge, United States District Court for the Eastern District of New York, sitting by designation.

where Mr. Shelton reported that he was working after 2018 to the VA medical personnel. *See, e.g.*, J.A. 14 (citing a VA treatment record from January 16, 2020 where Mr. Shelton reported that "I work everyday"); *id.* (citing a VA treatment record from July 16, 2020 where Mr. Shelton reported that he "works every day at a Truck & Trailer repair shop"); *id.* (citing a VA treatment record from January 28, 2021 where Mr. Shelton reported that he "[w]orks daily"); *id.* (citing a VA treatment record from January 20, 2022 where Mr. Shelton reported no change in occupational status since his prior exam). The Veterans Court affirmed the Board's denial. J.A. 2157–62. Mr. Shelton appeals the denial of his TDIU claim to this court.

Our jurisdiction to review Veterans Court decisions is limited by statute. *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). Absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Much of Mr. Shelton's appeal asks this court to reweigh the evidence, which we do not possess jurisdiction to do. Mr. Shelton also argues the Veterans Court misinterpreted 38 C.F.R. § 4.16(a) by upholding the Board's reliance on his 2001 income despite the Board's failure to explain his income's relevance.[2] Appellant Br. 17, 19. The sufficiency of the Board's explanation is outside our jurisdiction because it necessarily involves the application of law or regulation to the facts of Mr. Shelton's case. *See Cook v. Principi*, 353

---

[2]    Though Mr. Shelton argued in his briefs that 38 C.F.R. § 4.16(a) should be interpreted to preclude the Board from relying on the 2001 income evidence at all, Appellant Br. 15–21, during oral argument his counsel conceded the Board could rely on the information if it explained the relevance. *E.g.*, Oral Arg. at 5:17–29, 7:54–8:05.

F.3d 937, 941 (Fed. Cir. 2003). The Veterans Court did not interpret 38 C.F.R. § 4.16(a) but instead applied the law to the facts of this case. Thus, review of this issue is beyond our jurisdiction.

Finally, Mr. Shelton contends the Veterans Court erred by holding the Board provided adequate reasons or bases for its decision under 38 U.S.C. § 7104(d)(1). Appellant Br. 21–24. We have repeatedly held that this court lacks jurisdiction to consider such reasons-or-bases challenges as they "unavoidably require a review of the Veterans Court's application of law to the facts." *Cook*, 353 F.3d at 940.

## CONCLUSION

Because we lack jurisdiction over Mr. Shelton's appeal, we *dismiss*.

## DISMISSED

### COSTS

No costs.